UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOOP PAPER RECYCLING, INC., )
                                                              )
           Plaintiff/Counter-Defendant, )
                                                            )
v.                                                  )
                                                            ) Case No. 08 C 7364
JC HORIZON, LTD., )
                                                            ) Judge John W. Darrah
           Defendant/Counter-Plaintiff. )

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff/Counter-Defendant Loop Paper Recycling, Inc.'s ("Loop Paper") Rule 54(b) And/Or Common Law Motion for Clarification And/Or to Reconsider the Court's August 17, 2011 Memorandum Opinion and Order Granting Defendant's Motion for Summary Judgment. (Dkt. No. 124.) Defendant JC Horizon, Ltd. ("JC Horizon") has filed a Motion to Amend Judgment or, in the Alternative, For Leave to Move for Summary Judgment. (Dkt. No. 127.)

Loop Paper filed an Amended Complaint against JC Horizon on April 20, 2011. Loop Paper claimed that JC Horizon breached two contracts relating to the supply of paper products by Loop Paper to JC Horizon. JC Horizon filed affirmative defenses and counterclaims, alleging breaches of the same two contracts at issue in Loop Paper's Amended Complaint. (Dkt. Nos. 64, 114.)

Subsequently, the parties filed cross-motions for summary judgment. JC Horizon argued that the Liquidated Damages Provisions[1] in the governing contracts were

---

[1] The Court will use these terms consistent with the Court's August 17, 2011 Memorandum Opinion and Order.

unenforceable penalties. (Dkt. Nos. 96, 99.) On August 17, 2008, this Court held that the Liquidated Damages Provisions were unenforceable penalties and granted JC Horizon's Motion for Summary Judgment on its Seventh Affirmative Defense (the "Order"). (Dkt. No. 123.) This Court also denied Loop Paper's Motion for Summary Judgment as to JC Horizon's Counterclaims I and II. (*Id.*)

## LEGAL STANDARD[2]

Because the Order did not dispose of this case in its entirety, Loop Paper's Motion for Clarification And/Or Reconsideration is reviewed under Federal Rule of Civil Procedure 54(b), which states in relevant part: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Accordingly, under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders because such orders may be revised at any time before the Court enters a final judgment. *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir. 2007) ("[N]onfinal orders are generally modifiable").

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit*

---

[2] At the outset, the parties disagree as to the applicable legal standard. Loop Paper has filed its Motion pursuant to Federal Rule of Civil Procedure 54(b), because the Court's order of August 17, 2008, did not dispose of this case in its entirety. JC Horizon argues that because judgment has been entered against Loop Paper, Loop Paper's Motion should be considered pursuant to Federal Rule of Civil Procedure 59(e). As set forth above, Loop Paper's Motion will be considered under Rule 54(b).

*Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal citation omitted). In regard to the "manifest error" prong, the Seventh Circuit has explained that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (*Bank of Waunakee*). With respect to the second prong, the Court of Appeals has explained that a motion to reconsider may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* Because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Id.*

## ANALYSIS

*Loop Paper's Motion for Reconsideration*

The Order held that the Liquidated Damages Provisions were unenforceable. After careful review of Loop Paper's Amended Complaint and Local Rule 56.1(b)(3) response to JC Horizon's statement of facts, the Court held that Loop Paper "only requests damages pursuant to the liquidated damages provision and does not seek actual damages" (Dkt. No. 123 at 7, n.4, 19), and also that Loop Paper did not seek specific performance of the Agreements. (*Id.* at 6.) With Loop Paper's decision not to seek actual damages, the Court's holding that the Liquidated Damages Provisions are unenforceable resulted in a decision in favor of JC Horizon on Loop Paper's breach-of-the-Agreements claim against JC Horizon.

3

Now Loop Paper argues as a basis for clarification and/or reconsideration that the Order failed to recognize that Loop Paper has "ma[d]e a clear and unequivocal claim for actual damages." (Mot. at 4.) While Loop Paper sets forth several points in support of its argument, none of them raise a manifest error of law or fact or present newly considered evidence. Not to mention, as the Order held, the record is clear and unequivocal that Loop Paper conceded that it was *not* seeking actual damages or specific performance of the Agreements.

In resolving Rule 56 motions, the Court determines whether any genuine issues of material facts are in dispute. Loop Paper had clearly stated that there is no factual issue of dispute as to whether it sustained actual damages. In its Rule 56.1(b)(3) response, Loop Paper responded as follows to paragraph 31 of JC Horizon's Rule 56.1(a)(3) statement of facts:

> 31. Loop Paper elected to terminate the Agreements and sue for money damages only. On December 24, 2008, it filed its "Complaint at Law" against JC Horizon in this Court. It has not asked for specific performance of the Agreements, nor does it seek actual damages.
>
> *Response*: Undisputed.

(Dkt. No. 105 ¶ 31 (internal citations omitted, emphasis in original); *see also* Dkt. No. 123 at 7, n.4. (holding that a review of Loop Paper's Amended Complaint demonstrates that although Loop Paper references actual damages, a review of Loop Paper's request for damages in its entirety demonstrates that it sought damages only as calculated by the Liquidated Damages Provisions).) Therefore, Loop Paper's argument that it did seek actual damages is unavailing in light of the record before the Court.

Next, Loop Paper argues that under Illinois law, if a party fails to establish the enforceability of a liquidated damages provision, "actual damages *may* be recoverable." (Mot. at 5 (emphasis added).) Loop Paper raises this argument for the first time. It is well-established that arguments not made in briefing a motion cannot be raised for the first time in a request to reconsider a court's decision on that motion. *See Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]rguments that [plaintiff] raised for the first time in his motion to reconsider are waived."). For the same reasons, Loop Paper's argument – also raised for the first time here – that it has the right to recover "actual damages" under Section 2-703(1)(g) of the Uniform Commercial Code is also waived.

In the alternative, Loop Paper also argues that the Court should reconsider its ruling that the Liquidated Damages Provisions are unenforceable. (Mot. at 10.) In support, Loop Paper cites a recent decision of the Illinois Appellate Court, *Karimi & Karimi v. 401 North Wabash Venture, LLC*, 952 N.E.2d 1278 (Ill. App. Ct. 2011) (*Karimi*), which was decided after the parties concluded their briefing on their motions for summary judgment. Loop Paper does not argue, however, that *Karimi* represents "a controlling or significant change in the law."[3] *Bank of Waunakee*, 906 F.2d at 1191. Nor does Loop Paper present any "manifest errors of fact or law." Accordingly, Loop Paper's argument to reconsider the Court's ruling regarding the enforceability of

---

[3] *Karimi* bases its analysis on *Grossinger Motorcorp, Inc. v. Am. Nat'l Bank & Trust Co.*, 607 N.E. 2d 1337 (Ill. App. Ct. 1992), which this Court also considered in the August 17, 2011 Opinion and Order.

5

the Liquidated Damages Provisions does not appropriately raise any basis for reconsideration.

Loop Paper also argues that the Court should reconsider its ruling denying Loop Paper's Motion for Summary Judgment on JC Horizon's Counterclaims because "JC Horizon has absolutely no evidence of the alleged damages it suffered." (Mot. at 9.) Loop Paper made a similar argument in its reply brief in support of its unsuccessful motion for summary judgment. (*See* Dkt. No. 117 at 7-8.) *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("Motions to reconsider do not exist in order to allow parties to 'rehash' the same arguments."). Loop Paper has presented no appropriate basis for reconsideration of this Court's denial of its Motion for Summary Judgment with respect to JC Horizon's Counterclaims.

*JC Horizon's Motion to Amend Judgment*

JC Horizon has also filed a Motion to Amend Judgment or, in the Alternative, for Leave to Move for Summary Judgment pursuant to Rule 59(e). JC Horizon seeks a ruling compelling Loop Paper to pay JC Horizon $256,536.59, which JC Horizon argues was drawn down by Loop Paper in violation of the Letter of Credit ("LOC"). In the alternative, JC Horizon seeks leave to file a second motion for summary judgment to obtain this contested amount.

It was undisputed by the parties on summary judgment that as part of the Agreements, JC Horizon posted a $550,000 Letter of Credit ("LOC") and that from November 7, 2008 to December 17, 2008, Loop Paper drew down $550,000 of the LOC. (Dkt. No. 123 at 4, 6.) JC Horizon claims that Loop Paper took $293,463.41 of the LOC

6

and applied it to unpaid invoices for products it had shipped to JC Horizon. (Mot. at 2.) Then, JC Horizon asserts, Loop Paper took the remaining balance – the $256,536.59 JC Horizon currently seeks – and applied it to what Loop Paper believed were its breach-of-contract damages.

As discussed above, because JC Horizon's counterclaims are still pending, Rule 59(e) is not a proper basis for JC Horizon's Motion. JC Horizon's Motion is arguably considered pursuant to Rule 54(b), challenging a non-final judgment. However, Rule 54(b) does not offer the relief that JC Horizon seeks. *See, e.g., Caisse Nationale de Credit Agricole*, 90 F.3d at 1269 ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

In the alternative, JC Horizon requests leave to file a second motion for summary judgment, arguing that based on the August 17, 2011 Order, no genuine issue of material facts now exists with regard to whether Loop Paper's drawn down on the LOC violated the Agreements. (Mot. at 4.) JC Horizon's Motion for leave to file a second motion for summary judgment is granted. If the issue of Loop Paper's draw-down of the LOC may be resolved on summary judgment, the issues remaining for trial may be reduced, thus resulting in a more efficient resolution of this case. *Cf. Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources.").

## CONCLUSION

For the reasons set forth above, Loop Paper's Rule 54(b) And/Or Common Law Motion for Clarification And/Or to Reconsider the Court's August 17, 2011

Memorandum Opinion and Order Granting Defendant's Motion for Summary Judgment [124] is denied. JC Horizon's Motion to Amend Judgment or, in the Alternative, For Leave to Move for Summary Judgment [127] is granted in part. JC Horizon is granted leave to file a second motion for summary judgment on the limited issue regarding the draw-down on JC Horizon's letter of credit, as discussed above.

Date: January 23, 2012

JOHN W. DARRAH
United States District Court Judge